MILLER *v.* MILLER, et al.

No. 39409 January 3, 1955 76 So. 2d 705

*George Chaney; Dent, Ward & Martin,* Vicksburg, for appellant.

*Wm. J. Vollor,* Vicksburg, for appellees.

KYLE, J.

This is the second time this case has been before us on appeal. See George W. Miller et ux. v. Don S. Miller, 217 Miss. 650, 64 So. 2d 739.

The record on the former appeal showed that George W. Miller and his wife, Mrs. Earle G. Miller, on March 21, 1951, leased to Don S. Miller certain lots fronting along the east side of U. S. Highway No. 61, in the City of Vicksburg, on which there was located a gasoline service station. The leased premises included the lot and the gasoline service station building located thereon, and also two small buildings located on the east side of the

lot behind the service station. The lease was for a term of one year, commencing on April 1, 1950, and ending on March 31, 1951, with an option in favor of the lessee to renew the lease for an additional term of five years. The monthly rental to be paid to the lessors for the use of the leased premises during the original term and the additional term was $150 per month. The lease contract also provided that the lessee should have the right to purchase the leased property and the residence property of the lessors, which adjoined the leased premises, at any time during the term of the lease, or any renewal or extension thereof, for the sum of $30,000.00.

The lessee went into possession of the leased premises immediately, and thereafter operated a gasoline service station business in the service station building.

On the night of August 31, 1951, a fire of undetermined origin broke out in the upper part of the service station building, and quickly destroyed the inflammable parts of the building. The lessee shortly thereafter undertook to negotiate an agreement with the lessors for a reduction in the monthly rental to be paid for the leased premises during the remainder of the term or for a restoration of the building. But the lessors refused to agree to a reduction in the monthly rental or to restore the building. The lessee then employed a building contractor to restore the building to a condition fit for use; and the service station was re-opened on December 7, 1951. The cost of reconstruction amounted to $4,271.70.

After the building had been restored and the service station re-opened, the lessee filed his bill of complaint against the lessors asking for a reduction in the monthly rental, "effective as of the date of said fire" and "continuing throughout the remainder of the term of said lease," or, in the alternative, "that the defendants be ordered and required to restore to the complainant the amount of $4,271.70, being the cost of the reconstruction of said building." The lessors in their answer admitted

that the property.had been leased to the complainant for a term of years, and that the service station building had been practically destroyed by fire and had been made totally useless for the purpose of conducting business therefrom, as alleged in the bill of complaint. But the lessors averred in their answer that the damage and destruction of the building by fire had been caused by the negligence of the lessee, and that the lessee was not entitled to the relief prayed for. The lessors made their answer a cross bill and asked for a decree against the lessee for the sum of $4,300, which represented the estimated cost of restoring the service station building to the condition that it was in prior to the date of the fire.

The chancellor, after hearing the testimony offered on behalf of the respective parties, found that the cross complainants had failed to sustain their charge that the fire had been caused by the negligence of the lessee; and the chancellor held that the lessee was under no obligation to restore the building to its former condition, or to pay to the lessors the estimated cost of such restoration. The chancellor also denied the prayer of the complainant for a reduction in the monthly rental provided for in the lease contract; but the chancellor awarded to the complainant a decree for the sum of $1,064.50 to cover the estimated cost of repairing the roof, the foundation and the outside surfaces of the building, which under the terms of the lease contract the lessors had agreed to keep in.repair. From that decree the lessors prosecuted an appeal to this Court, and the lessee prosecuted a cross appeal.

This Court on that appeal affirmed the chancellor's finding that the lessors had failed to sustain their charge that the fire had been caused by the negligence of the lessee. This Court also held that the limited covenant of the lessors in the contract agreement to keep and maintain the roof, foundation and outside surfaces of the leased service station in a good state of repair, did not bind them to help rebuild the service station.after its de-

struction by fire, and that the chancellor erred in awarding to the lessee a judgment for the estimated cost of repairing the roof, foundation and outside surfaces of the building. But this Court held that the lessee was entitled under Section 898, Code of 1942, to an apportionment and a partial abatement of the rent, covenanted to be paid and accruing after the date of the fire; and this Court reversed the decree of the chancellor on the complainant's cross appeal and remanded the case for further hearing on the question of the amount of the reduction in the monthly rental that should be allowed.

The record on this appeal shows that, after the filing of the mandate in the lower court, proof was offered on behalf of the respective parties on the issue as to the amount of the reduction in the monthly rental that should be allowed, and at the conclusion of the hearing the chancellor ordered that the rent be reduced from $150 per month to $25 per month for the period from August 31, 1951, to December 7, 1951. The chancellor refused to allow any reduction in the monthly rental accruing after December 7, 1951. From that decree the lessee has prosecuted this appeal.

The only point argued by the appellant's attorney as ground for reversal on this appeal is that the chancellor erred in limiting the period during which the rent should be partially abated to the three months period required for the reconstruction of the service station building by the lessee after the fire.

■■■ We think that the chancellor erred in holding that the lessee was entitled to a reduction in the monthly rental only during the three months period required for the reconstruction of the building. If the lessors had elected to restore the building at their own expense, the reduction in the monthly rental to be paid by the lessee might have been limited to the period of time required for such restoration. But the lessors refused to rebuild

the service station; and the lessee, to retain the business that he had established, rebuilt the service station at his own expense.

The statute (Section 898, Code of 1942), plainly provides that: "A tenant shall not be bound to pay rent for buildings after their destruction by fire or otherwise * * * unless in respect to the matters aforesaid there was negligence or fault on his part, or unless he has expressly stipulated to be so bound." The court has held that the fire was not caused by the negligence or fault of the lessee, and it is not claimed that the lessee has expressly stipulated to be so bound.

The lessee was entitled under the statute to a reduction in the monthly rental to be paid for the leased premises after the destruction of the service station building by fire; and the lessee did not lose his right to have the monthly rental reduced on account of the destruction of the building when he rebuilt the station at his own expense. The lease had about 4½ years to run after the date of the fire. The chancellor should have determined the amount of the reduction in the monthly rental to be allowed for the remainder of the term, and the chancellor should have entered a decree providing for such reduction and making the same effective for the entire period.

The decree of the lower court is therefore reversed and the cause is remanded for the purpose of enabling the chancellor to determine the amount of the reduction that should be allowed in the monthly rentals that have accrued since the date of the fire or that may accrue hereafter during the remaining portion of the five-year term, and to enter such orders as may be necessary to make such reduction effective for the entire period after the date of the fire.

Reversed and remanded.

*Roberds, P. J.,* and *Hall, Holmes* and *Gillespie, JJ.,* concur.